I believe both parties know the process. 15 minutes for each side. We reserve as appellant a portion of that. We don't strictly hold you to those time limits, but we do ask that you not spend a lot of time discussing the facts. All right. Counsel for the appellant. Morning, Your Honors. Lauren Bowser from the State Appellate Defender on behalf of Mr. Wayne Edwards. I'd like to reserve three minutes for rebuttal. May it please the Court. Wayne Edwards should have been granted leave to file his successive petition alleging ineffective assistance of appellate counsel, where he stated an arguable claim of both cause and prejudice. Mr. Edwards demonstrated cause for failing to bring these claims in his initial petition when the statute of limitations in the Post-Confliction Act that was then in effect. I don't think there's any dispute regarding cause. I think the State has conceded that there is cause. All right. Moving to prejudice then. The State has recognized that he couldn't have brought these claims before. However, then the State goes on to hold Mr. Edwards to almost a third-stage analysis standard before we even determine whether he can file these claims, requiring Mr. Edwards to completely prove prejudice before the document is even filed. Turns the act on its head. And do we have a standard that we should apply for establishing cause and prejudice? The first-stage JIST standard that was enunciated by the Supreme Court in Hodges is the most consistent with post-conviction law for two reasons. Hodges, I thought, said JIST is not the standard. It's not a legal standard. It's a pleading standard. So the legal standard that Mr. Edwards has to meet is cause and prejudice, without a doubt. However, what does he have to plead in order to remove evidence? I was referring to the amount of showing that has to be made. JIST isn't a legal standard. The Supreme Court in Hodges said that we should be using arguable basis, at least for the first petition. The question is, what should we be using for a successive petition? Again, I think arguable basis of cause and prejudice, and there's two reasons why. First, just the same as a first petition at the first stage, most motions for leave to file a petition are going to be drafted by, pro se, indigent defendants, likely incarcerated. Our courts have never required a petitioner to prove a claim on the pleadings without counsel. Any time they've required more than showing a JIST in the post-conviction context, counsel's been appointed. In Hodges, the court recognized that a pro se petitioner cannot be expected to make the same legal showing. In People v. Edwards, the Supreme Court noted that it is unlikely a pro se defendant, even though he has all the facts and his knowledge, is going to know exactly what facts are relevant to the legal claim. It would require defendants to make legal claims. I'm sorry, but doesn't Edwards also say that the second stage, or the successive petition, has a more exacting standard that the petitioner has to meet? And requiring a petitioner to plead even an arguable basis of cause and prejudice is an exacting standard. I said more exacting than arguable. Absolutely. Wait a second. Is it more, can I finish? Yeah, I'm sorry. All right. In the first, with the first post-conviction petition, it's an arguable basis in law and fact. How is that same basis that you're using for the successive petition, arguable basis in law and fact, more exacting when Edwards speaks to a more exacting standard? So at the first stage, the petitioner has to plead an arguable basis in law and fact that he has stated this constitutional claim. At the successive stage, he has to state an arguable basis that he has this constitutional claim that could prejudice him, and that he has a valid reason for not having filed it before. So in that sense, it is a more substantial showing that he has to make for a successive petition. You know, to say that just requiring an arguable basis is not more exacting, most petitioners are going to be unable to show a non-frivolous... Let me interrupt you again, because I think what you're saying is that there has to be an arguable basis of prejudice, an arguable basis of prejudice. That isn't the standard for a first petition. In a first petition, all you need is an arguable basis of a constitutional violation. And prejudice is more exacting, is more demanding. And if it has anything, if it's anything similar to a Strickland prejudice showing, I mean, that's a substantial showing right there. Right. I mean, it is more exacting. I was going to point out that these two standards are going to overlap in many ways. Obviously, if a petitioner can state an arguable basis that he was prejudiced, there's somewhere in there a valid constitutional claim. Let me segue from that. Can you imagine a... Well, are you saying that, in fact, if an individual is able to establish, is able to make an arguable basis of both cause and prejudice, that it would almost seem to follow that the individual would be entitled to a second stage showing? I think it would. Basically, I think how the application of this would actually work in real life would be, this court would have to look at this petition with an eye towards whether the petitioner stated cause and prejudice, but it's inherently going to be also determining whether there's a gist of a claim in there, because, like you said, prejudice is more exacting. So even though these are two separate stages, a leave to file stage and a first stage analysis, really all we would be doing is having the court consider these things kind of at the same time, simultaneously. When you talked about putting into practice, why don't you try to put it into practice in this case? Why is there an arguable basis of prejudice in this case? Well, we all know Evitz v. Lucey in the United States Supreme Court held that a defendant is entitled to a first appeal of a right in accord with due process. So there's no way to guarantee that Mr. Edwards has had that when he's never had review of his appellate counsel's performance. Where's the prejudice? To Mr. Edwards? Yes. The fact that he hasn't been able to raise any of these claims? Well, but I think we look to the claims to see whether or not there's any prejudice. We don't look in terms of whether or not he's had a chance to raise them. So his claims are sort of, there's sort of two categories. There's ineffective assistance of appellate counsel claims for claims that were raised on direct appeal and this court found were forfeited by counsel's failure to cite to authority. So those claims we already see prejudice. How often do you think that happens? That counsel fails to cite to authority. And that claims are found waived? And claims are found waived. Statistically, I don't know. I don't see it often. It happens though, right? It does, yes. And do you have a sense of why that would happen? Why counsel wouldn't cite to authority or the record? Yeah. I mean. Because maybe there's nothing there and if there is something there, I think it's incumbent upon the defendant to demonstrate that what was overlooked prejudiced him somehow on his review before this court. And that's where prejudice is and that's what I'm asking you to make sort of showing, that prejudice actually was suffered by the defendant. Well, one of his, you know, claims that was forfeited was, you know, it didn't conduct adequate voir dire about gang activity. That there was improper ex parte communication. That there were improper aggravating factors at his hearing. These are all arguably, you know, valid claims that could prejudice a defendant. Without having the opportunity to have a hearing on this, look outside of the face of the pleading, it is almost impossible to prove. Hold on. I'm not sure what your reference to hearing is all about. What kind of hearing? Well, ineffective assistance of appellate counsel. Are you talking about a third stage hearing? Or what kind of hearing? Right. Ineffective assistance of appellate counsel is really hard to prove without, you know, fact-finding and credibility determination. But we do that all the time. If this were his first petition, we would do that all the time. And you would only look to whether it's arguable, whether it's capable of, you know, finding support, whether it's non-frivolous, whether it's delusional. These are obviously not delusional claims. Well, don't forget, in a first stage, all we're looking for is an arguable basis of a constitutional violation. Here we're looking for an arguable basis of prejudice. And to that he has to make a strickland sort of showing that the appeal would have ‑‑ there's a reasonable probability that the appeal result would have differed, would have changed had these issues been raised. That's a substantial showing right there. And I don't think he has to make that claim until the third stage. Why isn't that the arguable prejudice showing? Why he doesn't have to actually ‑‑ Go ahead. I just wanted to ask you, are you taking the position today that any time a claim is defaulted because of failure to make the record or whatever reasons are set forth on direct appeal, that the loss of that claim is automatically prejudice? Is that your position? No, it has to be arguably prejudice. And here where there's, you know, he's made several allegations that, you know, counsel didn't raise certain issues, that counsel inadvertently forfeited certain issues. I mean, it's difficult to talk about how, you know, an admission of hearsay statement from a co‑conspirator, you know, that got in prejudiced him without getting past just the pleadings, without talking about did counsel keep that out because for a strategic reason. I mean, that requires a credibility determination as to whether counsel, you know, made this decision strategically or whether this was just pure incompetence. Here's the other difficulty I see. It isn't ‑‑ we're no longer dealing with a pro se defendant. We're dealing with counsel representing the defendant, and counsel, that's your office, has access to the entire record of the proceedings below. And it seems to me that if you want to make a claim of prejudice, even an arguable basis of prejudice, it falls on your office to demonstrate that these errors were substantial, possibly reversible error, and bring it to our attention. It cannot be that simply a bald statement that he was prejudiced, as Justice Palmer pointed out, is enough unless you are taking that position, that a default automatically gives rise to prejudice. Well, I mean, the prejudice component is, you know, again, I think it's difficult to prove this with just the pleading here and the record. Where would you go to prove it? I mean, what would you need to prove it? Wouldn't you need the record? I think you would need an evidentiary hearing so that some of, you know, Mr. Edwards' claims require inquiry into counsel's performance. I agree that you would need an evidentiary hearing to prove it, but the question is what do you need to make an arguable basis to establish or to show prejudice? And I thought you might have enough from the record alone. Well, I mean, I think because this is a petition that's not yet been even filed, the fact that he's shown that these claims were defaulted with respect to the ones that were raised on direct appeal is definitely an arguable basis of prejudice. All right. Failing to cite to the record, I mean, you know, it just seems that there's no reason why counsel would do that. Why would he raise a claim? I mean, presuming counsel was raising a claim he knew had no merit. Maybe that is the explanation. And the question is, did it have merit? Then I would think that a review by your office could show that it does have merit, but you haven't done that. Well, I do think that showing that counsel defaulted claims shows that, you know, he was definitely not dealing with an appellate attorney who, you know, that's an error, that's a pretty big error, and he had these valid claims that he thought were valid or wouldn't have raised them. And with respect to Mr. Edwards, you know, claims of error at trial that he thought appellate counsel should have raised, they're all valid legal claims. And, you know, just saying he wasn't able to challenge the appellate attorney's effectiveness at all, completely foreclosed from that, I think arguably shows prejudice. All right. We'll give you a few minutes for rebuttal. I mean, my only other point would be that, you know, if you acquire more than an arguable basis at the leave to file stage, it's unclear, I mean, what is that going to mean? If the defendant has to completely prove his claim before we even let him file this, I mean, it's sort of doing away with the entire second and third stage of the act. So I do think that the gist standard is appropriate to what the defendant has to plead with respect to cause of prejudice. And you're relying on the second district case? No, I mean, relying on Pitzenbarger itself. Okay. You know, the court has recognized that 122-1F did no more than codify Pitzenbarger. Right. In Pitzenbarger, the dismissal came, the dismissal for lack of cause of prejudice, came after a third stage hearing. So there's no reason to believe the act limits cause of prejudice to, you know, you have to prove it before it's even filed. All right. I'm not sure whether the Supreme Court actually stated this in Pitzenbarger, but as Justice Lampkin pointed out, it has stated that the barrier to filing a second petition is an immense one, an immense hurdle. And, you know, we can't ignore that. Right. I mean, I do think that requiring a defendant to state a non-frivolous basis for why these weren't in his initial petition is a huge hurdle. Most petitions are going to be barred by forfeiture and res judicata. Most won't be in Mr. Peddard's position where this weird statute of limitations that was in effect forced him to file. All right. Thank you very much. Good morning, Your Honors. May it please the Court, my name is Margaret Smith, and I'm an assistant state's attorney representing the people of the state of Oklahoma. The trial court here properly denied defendant leave to file a successive post-conviction petition because defendant failed to satisfy the cause and prejudice test. And why don't you help us out in terms of how substantial, how much of a showing would he have to make to satisfy that cause and prejudice test? Well, the Illinois Supreme Court in People v. Pitzenbarger and the legislature in enacting the 122-1 Act have stated that they're making a distinction between filing a successive post-conviction petition and filing an initial one. And the threshold finding is whether this defendant established both cause and prejudice, not the gist of cause and prejudice. The defendant is required to make some showing. Well, if it's not gist, what is it? Is it proof beyond a reasonable doubt? No. Is it clear and convincing? It's some showing. It's some showing. Why? If we're going to talk about the amount of showing, why shouldn't we simply use arguable basis as a reference point, as a means of doing that? Right. You're talking about the gist standard the defendant has added to it. Sure. Why shouldn't there be some standard? Why shouldn't we simply try to quantify the amount of showing by giving it some sort of label? And I'm asking you what you think it should be. Okay. I believe that one in Pittsburgh and the amendment to the statute reflects that the defendant is required to make some showing. Now, the Illinois Supreme Court has implicitly rejected the second district of application of the gist standard in review of LaPointe before the Illinois Supreme Court. And the Illinois Supreme Court has found that the cause and prejudice test, as Justice Flanagan has indicated, is more exacting than the gist standard. But how exacting is it? That's my question. How exacting is it? Well, it's clearly more exacting than the gist standard. It may be very clear to you, but I'd like to know, how do we write it? How do we say in our opinion that it's more exacting than the gist standard without saying it is this standard? Okay. What I would indicate as has been discussed is that the defendant needs to establish some showing that the alleged errors violated the right to due process. And as you have indicated, the counsel had the brief, had the record, the entire record of proceedings, could have pointed to something. And that's exactly what the appellate court did when they were reviewing the direct appeal. In that instance, the court went through the record, and it didn't just say everything was way. They went through on sentencing. They looked at the sentencing proceeding, and they said, you know what? The fact is that there's no evidence in this record to show that the trial court considered anything improper in sentencing this defendant. Let me ask you this. Is it your argument that even if the standard is arguable basis of prejudice, that he hasn't met that standard? Yes. I would say, first of all. Okay. Since you said yes, then let me ask you this. If you think that is enough, that is a hurdle that the defendant could not meet here, then why isn't that a sufficient hurdle to put on every petitioner seeking to file a successive petition? Because it is a substantial showing that must be made, an arguable basis of prejudice. Well, first of all, we're not conceding. We're not stating that this is the proper standard. We're explicitly rejecting that standard, as the Illinois Supreme Court did, in affirming Pitzenberger. Or, excuse me, LaPointe. Because that's not what the Illinois Supreme Court and the legislature have said. They have said that the defendant in filing a successive post-conviction petition must meet a heightened requirement, a more exacting standard. They've explicitly rejected it. Most of the cases LaPointe and the other cases relied upon were decided before Pitzenberger was decided and before the legislature enacted the provision requiring a heightened standard. And that's the other point that you've made, I think, that the legislature followed Pitzenberger in establishing a cause and prejudice requirement for a successive petition. Correct. So why shouldn't the courts take the lead and say that for a successive petition, the amount of showing that must be made on both cause and prejudice should be X? And the question is, what should that X be? Well, X should certainly be more than a gist. It should certainly be more than an arguable basis. The fact is that the defendant here had access to the record. You say it should be more than that, but you don't want to say what it should be? Well, I would say sorry. What about what the statute says? What about what the case law says? That in order to demonstrate prejudice, the prisoner has to show the claim not raised during his or her initial post-conviction proceedings, quote, so infected the trial that the resulting conviction or sentence violated due process. Exactly. There's the test. That's certainly the test. And the question is, how much of a showing does he have to make to at least have his successive petition considered by a circuit court? We're not talking about proving that he's entitled to relief under a successive petition. We're simply saying, what sort of showing does he have to make to get it before a trial judge? Well, you would certainly have to show something in the record to support the claim, to show that there was something in those proceedings that denied his right to due process. And the defendant here hasn't even admitted that he hasn't even alleged prejudice here. What he's saying is he's excused from even establishing prejudice, and he merely has to state a gist. That position has been completely rejected by the Illinois Supreme Court. Here's the one way of possibly looking at it, and it's because we have to write something and we have to sort of explain it, our view of it at least. In the first petition, there's the first petition that's filed automatically by a defendant. Before he's entitled to appointment of counsel, into the second petition, he has to make that gist or that arguable basis of a constitutional violation, and that entitles him to get to the second stage. Why, if that's the screening out of frivolous and penitently without merit petitions, that formally called gist, but we call it arguable basis, why isn't that enough of a safeguard to apply to successive petitions, because we're in effect forcing the defendant to make that showing at the initial stage and not at the successive stage. Do you know what? Was that clear? I'm not sure. Well, I think you're saying why can't we just apply the gist standard to successive petitions? In a sense, we're collapsing the first and second stage in a successive petition. He has to make what is, in fact, the showing for a second stage proceeding in the context of a successive petition. If I'm understanding you right, you're stating... It is a gist, you're right. But why isn't that enough to safeguard or to eliminate frivolous petitions? Well, the gist standard is not applicable to the filing of a successive post-conviction petition because the whole purpose of 122-1 Act was to discourage the filing of a successive post-conviction petition. The Post-Conviction Hearing Act contemplates the filing of one petition. Let's talk hypothetically, but you'll concede that there are some valid successive petitions that should be considered by circuit court. True? And so the question is, how much of a showing did those individuals have to make before they could get their successive petition before a trial judge? But the fact is that the defendant has to point to something in the record to establish that there was prejudice. And the fact is, what you have in Pittsburgh, you have a... The fact is that on the initial post-conviction petition, counsel failed to file a brief before the appellate court. And the court DWP'd that matter. And the Illinois Supreme Court still said, the defendant has an established prejudice. That's a pretty high standard. And the fact is here that the defendant hasn't shown anything. The fact is that the defendant had an attorney on appeal, a very good attorney who filed a 10-issue brief. As your Honor has indicated, some of those things may not have any support in the record. But in fact, the court, the appellate court in reviewing that matter, indicated with particularity on the voir dire that there's nothing in the record to support that. And they said in sentencing, we've reviewed the sentencing hearing. There's nothing to show those things. So let's say we set the standard at arguable basis of prejudice. This case wouldn't be allowed to even be filed because he hasn't made that show. Correct. But we would still indicate that the Illinois Supreme Court and the legislators specifically said that there should be a more exacting standard in order for a defendant to be allowed to file a successive post-conviction. I think what the court is struggling with is, and you take this position strongly, if we accept the argument, and I think it's clear from the cases, that it's a more exacting standard than the just standard. Since, as Justice Garcia said, we have to write an opinion, and in that opinion we're going to be saying, if we accept your position, that we differ from the second district, we're asking your office to tell us, well, what do you suggest we say? Other than the words more exacting. Well, first of all, I would say that LaPointe completely disregarded Pitsenbarger and completely misinterpreted it. And the fact that the Illinois Supreme Court has implicitly rejected the application of the just standard. And I would say the defendant here has shown nothing to support these claims. Nothing in the record to support these claims. And the defendant must make some showing, and it's got to be higher than a just standard. And the defendant, as Your Honor has pointed out, there's nothing in the brief to support the claims. Nothing. Absolutely nothing to support those claims. The defendant has to be able to point to something to show that the claims he's making somehow impacted the proceedings and the outcome would have been different. And he hasn't done that. It's got to be more exacting standard than the just standard. All right. Well, thank you very much. You can wrap up. For these reasons and those stated in our brief, the people respectfully request that this court affirm the trial court's denial of the lease to file a successive list of issues. Thank you. Thank you. All right, counsel. I just have three quick points on rebuttal. First, this notion that because Mr. Edwards now is an attorney for this appeal from his dismissal, his post-conviction petition, that gets rid of any error is false. The whole post-conviction process allows looking outside of the record, further investigation. He never had anyone who could actually do that with respect to his appellate counsel's performance. They can't call up appellate counsel and prove prejudice by saying, Your Honors, I had a phone call with him. Post-conviction, you know, at the post-conviction stage, you can do that. You can look outside the record. So to say that you had the record, you should be proving prejudice for all these claims, that's impossible. That's why he should be getting post-conviction review. And then the other point is just – To some extent. That is what he's arguing. He's saying that appellate counsel didn't rely on the record in prosecuting or litigating this person. Further claims as to counsel's performance that, you know, like I said, I can't call up appellate counsel and say, Did you do this intentionally? Was this strategic? Or as a P.C. attorney could, or someone could, you know, look outside the record. Also – But is that really a factor that we should be taking into consideration, whether he made a mistake or whether it was a strategic decision? Isn't it really more important to look past that and look to see whether if he was able to raise the claim and it not be defaulted, would he have been successful? I think that to determine if he would ultimately be successful is a third-stage analysis. And it's way premature at this point. It's what happens at the third stage of post-conviction proceedings. So if we're doing that now, then what, are we going to go back to the first stage after he's already proven the claim? And then point counsel – Before you get to a third stage, you have to make a substantial showing. And if you're saying that maybe that's what we should require, a substantial showing for a successive petition, and then he would be automatically entitled to an evidentiary hearing. If I understand what you're asking, at the third stage, he would have already had counsel appointed. To get to the third stage, a defendant, a petitioner, would have to make a substantial showing of a constitutional violation. Correct. And then, and only then, is he entitled to a – and the question is, what kind of showing have you made here, a substantial – you say you've made a guess. I believe that there's an arguable, you know, a gist has been met for prejudice where he has not had any ability to look into counsel's, you know, performance in his direct appeal. And because you do have the right to have an appeal, you know, in accordance with due process, he has shown an arguable prejudice. And one other point I wanted to make was the state was suggesting that the Supreme Court has implicitly rejected the gist standard. However, they, you know, there was an appeal from a point. The court never rejected the standard used by the court in that case. So to say they implicitly rejected, I would say – But the Supreme Court currently has a case pending right now and argued just earlier. Yeah, in that case, you know, the issue is whether, you know, it's just a causal – I'm sorry, actual innocence, which is a slightly different analysis, but yeah, that is pending in Walter Edwards. But they are addressing the amount of showing that has to be made. Correct, correct. All right. But they did reject the gist standard in Connick, didn't they? They were – But they did say that it's a more exacting standard for a successive petition, didn't they? But I do think because of the context of that case where they were dealing with, you know, the code of civil proceeding, giving it a different definition doesn't mean that, you know, they've rejected it for leave to file a successive petition. And if the Supreme Court meant to establish a firm holding in Connick that more is required than just the gist, you wonder why they would even bother addressing the gist standard in Edwards. Correct. In the case that's currently pending before the Supreme Court. Correct. All right. Do I have time for any further questions? Thank you. All right. The case will be taken under advisement.